IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Terron Gerhard Dizzley,<br><br>Plaintiff,<br><br>v.<br><br>Scott Hixson, Erin Bailey, Georgetown County Solicitor's Office, Judge Krisi F. Curtis, Judge William H. Seals, South Carolina Court of Appeals, Johnny James, Solicitor's Office of Georgetown County, Ronald Hazzard, Gregory Hebree, Alma Y. White, Leah B. Moody, Elanor Duffy Cleary, Dustin Morris, Michael Thacker, Stephon Brown, Lane Cribb, Warden Stephon, Warden Leroy Cartledge, Warden Ravanell, Warden Williams, Robin L. Blume,<br><br>Defendants. | Case No.: 2:20-cv-02613-SAL<br><br><br>**OPINION AND ORDER** |

This matter is before the Court for review of the August 7, 2020 Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). In the Report, the Magistrate Judge recommends the district court dismiss this action without issuance and service of process, deny Plaintiff's motion for joinder, ECF No. 4, deny Plaintiff's motions to amend, ECF Nos. 8, 11, and count the dismissal as a strike pursuant to 28 U.S.C. section 1915(g). [ECF No. 20 p.27]. Plaintiff filed timely objections to the Report. [ECF No. 30]. The objections span 187 pages and include a seventy-four-page attachment of additional arguments. *See* [ECF Nos. 30, 30-1]. For the following reasons, the Court adopts the Report, ECF No. 20, as modified below.

1

## BACKGROUND

In the Report, the Magistrate Judge describes the background of this case and Plaintiff's allegations fully and in detail. *See* [ECF No. 20 pp.1-6]. The Court adopts this background in full and incorporates the background section by reference. Accordingly, the Court declines to restate the background except to highlight two important points: (1) Plaintiff is a frequent filer of federal lawsuits, having filed at least ten other cases in this Court, several of which allege similar or identical claims to those Plaintiff raises in the present action; and (2) the crux of this action is Plaintiff's claim that his conviction and sentence are unlawful. *Id.* This action comes in the form of: (1) a Complaint on the standard court form, ECF No. 1; (2) a sixty-two-page attachment to the Complaint entitled "Statement of Claims' in which he makes additional allegations, ECF No. 1-1; (3) a five-page memorandum of law in support of his complaint, ECF No. 1-2; (4) portions of a transcript from his state court criminal case, ECF No. 1-3; (5) an eight-page memorandum of law in support of his claim for acquittal, ECF No. 1-4; (6) a two-page memorandum of law in support of his claim for double jeopardy, ECF No. 1-5; (7) and several exhibits, ECF No. 1-6.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this Court is

not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## DISCUSSION

**I.      Plaintiff's Claims Against Defendant Robin L. Blume are Barred by Judicial Immunity**

3

Plaintiff objects to the Magistrate Judge's recommendation that his claim against the Clerk of Court for the United States District Court, Robin L. Blume, should be dismissed because Defendant Blume is entitled to judicial immunity. [ECF No. 30 p.114].

After a *de novo* review, the Court finds that the Magistrate Judge properly found that Defendant Blume is entitled to judicial immunity. "Absolute immunity 'applies to all acts of auxiliary court personnel that are basic and integral part[s] of the judicial function.'" *Jackson v. Houck*, 181 F. App'x 372, 373 (4th Cir. 2006) (quoting *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993)). Here, the allegations against Defendant Blume relate to her quasi-judicial functions. Accordingly, Defendant Blume has absolute quasi-judicial immunity from this lawsuit. Plaintiff's objections related to his claims against Defendant Blume are overruled, and the Court adopts this portion of the Report.

## II.     Plaintiff's Claims that Arise from His Allegedly Unlawful Conviction or Imprisonment are Barred by *Heck v. Humphrey*

Plaintiff objects to the Report's finding that this action should be dismissed because it is frivolous and barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). [ECF No. 30 p.1]. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 481.

Aside from the claim against Defendant Blume, each of Plaintiff's claims stem from his allegedly unlawful conviction or imprisonment. *See id.* A judgment in favor of Plaintiff on any of these claims would necessarily imply the invalidity of his conviction or sentence. *Id.* All the claims stem from the allegation that Plaintiff's state court conviction and incarceration are unlawful. *See* [ECF No. 1-2]. From this core allegation, Defendant asserts claims for malicious

4

prosecution, false imprisonment, due process violations, and double jeopardy violations, among others. *Id.* In leveling these accusations, Plaintiff repeatedly mentions his state criminal trial and conviction directly. *See, e.g.,* [ECF No. 30].

Contrast *Dizzley v. Garrett*, where the United States Court of Appeals for the Fourth Circuit held that Plaintiff's claim did not necessarily implicate the invalidity of his murder conviction. No. 19-6959 (4th Cir. February 16, 2021) (unpublished). In *Garrett*, the court held that Dizzley's claim for false arrest arising out of his initial arrest pursuant to an allegedly defective warrant did not by its nature call into question the validity of his conviction. *Id.* The court noted that the complaint did not mention Dizzley's state criminal trial or conviction. *Id.* Instead, Dizzley was suing Defendant only for his allegedly false imprisonment before trial. *Id.* The Court reasoned that a conviction would not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause. *Id.* Therefore, the court held that Dizzley's allegations did not necessarily imply the invalidity of his state court conviction. *Id.*

The allegations in *Garrett* stand in stark contrast to Dizzley's allegations in this case. Here, every allegation—save for the claim against Defendant Blume—depends directly on the alleged invalidity of his state court conviction. In every filing in this matter, Plaintiff mentions his state court conviction, appellate history, and resulting imprisonment as a basis for his claims. In fact, Plaintiff attached excerpts from the transcript of his state court criminal trial to his complaint. [ECF No. 1-3]. Accordingly, each of these claims must withstand scrutiny under *Heck*.

Plaintiff asserts that his claims are not barred by the *Heck* doctrine. *Id.* To support this contention, Plaintiff quotes the following language from *Heck*:

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

5

> order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.
> . . . .
> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 481.

The requirement that a plaintiff must prove the conviction or sentence at issue has already been invalidated is known as the "favorable termination" requirement.  *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008).  Plaintiff argues that he received a favorable determination of his initial trial in 2012, and his second trial, where he was convicted, was barred by the Double Jeopardy Clause of the Fifth Amendment.  [ECF No. 30 pp.2-3].  This argument is without merit.

For his claims to fall outside of the *Heck* doctrine, Plaintiff must show that he received a favorable termination regarding the conviction resulting from his second trial.  Plaintiff does not contend that his conviction has been invalidated, for example, by a reversal on direct appeal, or a state or federal court's issuance of a writ of habeas corpus.  Plaintiff cannot demonstrate that the conviction or sentence at issue has already been invalidated.  Accordingly, Plaintiff cannot recover damages stemming from his allegedly unconstitutional conviction or imprisonment.  *Heck*, 512 U.S. at 481.  After a *de novo* review, the Court adopts the Magistrate Judge's finding that all of Plaintiff's claims stemming from his allegedly unconstitutional conviction or imprisonment are barred by *Heck*.

All but one of Plaintiff's claims in this action stem from his allegedly unconstitutional conviction or imprisonment.  Plaintiff's claim against Clerk of Court for the United States District Court Robin L. Blume relates to her alleged failure to file Plaintiff's motions.  For this reason, the

Court declines to adopt in full the Magistrate Judge's recommendation that the entire complaint should be dismissed because it is frivolous and barred by the *Heck* doctrine.[1] Instead, the Court adopts this reasoning as to every claim except for the claim against Defendant Blume.

This finding moots Plaintiff's remaining objections related to all defendants except for Defendant Blume. The Magistrate Judge found that, even if the *Heck* doctrine did not bar all of Plaintiff's claims, all named Defendants are entitled to dismissal from this action because they are either immune from suit, they are not persons subject to suit under section 1983, or Plaintiff has failed to allege facts to state a plausible claim for relief against them. [ECF No. 20 p.10]. Plaintiff objects to these findings individually for each defendant. *See* [ECF No. 30]. For the claims arising from Plaintiff's allegedly unconstitutional conviction and sentence, these findings are alternative grounds for dismissal. Because Plaintiff's claims of this nature are barred by *Heck*, the Court declines to consider the alternative grounds for dismissal, and objections thereto, as moot. Accordingly, after a *de novo* review, the Court overrules Plaintiff's objections related to his allegedly unconstitutional conviction and sentence as moot.

### III. Plaintiff's Motion to Amend His Complaint to Add Governor Henry McMaster is Futile

Plaintiff objects to the Magistrate Judge's recommendation that this Court deny his motion, ECF No. 8, to add Governor Henry McMaster as a Defendant. In the Report, the Magistrate Judge reasoned that the action is subject to summary dismissal and Plaintiff's allegations against McMaster do not alter that analysis. [ECF No. 20 p.23]. The Magistrate Judge therefore recommended that the motion be denied as moot. *Id.* Plaintiff argues that this was error because

---

[1] The *Heck* doctrine was not the only grounds for dismissal in the Report. The Magistrate Judge found that, alternatively, all named Defendants (including Defendant Blume) are entitled to dismissal from this action because they are either immune from suit, they are not persons subject to suit under section 1983, or Plaintiff has failed to allege facts to state a plausible claim for relief against them. [ECF No. 20 p.10].

Henry McMaster is responsible for Plaintiff's false imprisonment for over six years. [ECF No. 30 p.152].

After a *de novo* review, the Court adopts the Report as it relates to adding Governor McMaster as a defendant. Plaintiff's claim against McMaster is based on his allegation that he is wrongfully imprisoned. *See* [ECF No. 30 p.152]. A ruling in favor of the Plaintiff on this claim would necessarily imply the invalidity of his sentence. *See Heck*, 512 U.S. at 481. Plaintiff's attempt to add Governor McMaster is therefore futile because his claims are barred by the *Heck* doctrine. Plaintiff's motion to amend, ECF No. 8, is DENIED with prejudice.

**IV.     Plaintiff's Motion to Amend His Complaint to Add Attorney Jeremy A. Thompson as a Defendant, Add Allegations and Arguments as to Defendant Blume, and add Allegations and Arguments against the South Carolina Court of Appeals is Futile**

Plaintiff objects to the Magistrate Judge's recommendation that this Court deny his motion, ECF No. 11, to amend his complaint to add attorney Jeremy A. Thompson as a defendant, add allegations and arguments related to Defendant Blume, and add allegations and arguments against the South Carolina Court of Appeals.

In the Report, the Magistrate Judge recommends denying Plaintiff's motion to add additional arguments and allegations against Defendant South Carolina Court of Appeals. [ECF No. 20 p. 24]. The Magistrate Judge reasoned that this amendment would be futile because the South Carolina Court of Appeals is not a person subject to suit in this § 1983 action and each judge on the Court of Appeals is entitled to judicial immunity. *Id.* Plaintiff argues that this was error. [ECF No. 30 p.70].

After a *de novo* review, the Court adopts the Report as it relates to adding allegations against the South Carolina Court of Appeals. The South Carolina Court of Appeals is not a person subject to suit in this § 1983 action. Each judge on the Court of Appeals is entitled to judicial immunity

from this suit.  Further, Plaintiff's allegations against the Court of Appeals would necessarily imply the invalidity of his underlying state court proceedings.  Accordingly, these allegations would be alternatively barred by the *Heck* doctrine.

In the Report, the Magistrate Judge recommends denying Plaintiff's motion to add attorney Jeremy A. Thompson as a Defendant.  [ECF No. 20 p.24].  The Magistrate Judge reasoned that Thompson is not a state actor for purposes of section 1983, and Plaintiff has not made any allegations to plausibly show that Thompson exceeded the traditional functions of counsel.  [ECF No. 20 pp.24-25]; *Polk Ct. v. Dodson*, 454 U.S. 312, 325 (1981).  The Magistrate Judge also reasoned that, to the extent Plaintiff is attempting to assert a claim for ineffective assistance of counsel, he has failed to allege a cognizable claim for relief in this civil rights action.  [ECF No. 20 p.25].  Plaintiff argues that this was error because he alleged that Jeremy Thompson "conspired" with the South Carolina Court of Appeals.  [ECF No. 30 p. 118].

After a *de novo* review, the Court adopts the Report as it relates to Jeremy A. Thomson.  Plaintiff's conclusory and threadbare allegation of conspiracy is insufficient to state a plausible claim for relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff's mere speculation and conjecture are insufficient to state a claim against Thompson.  *Id*.  Thompson is not a state actor for purposes of section 1983, and Plaintiff has not made any allegations to plausibly show that Thompson exceeded the traditional functions of counsel.  *See Polk Ct. v. Dodson*, 454 U.S. 312, 325 (1981).  To the extent Plaintiff is attempting to assert a claim for ineffective assistance of counsel, he has failed to allege a cognizable claim for relief in this civil rights action.  Further, Plaintiff's allegations would necessarily imply the invalidity of his underlying state court proceedings.  Accordingly, these allegations would be alternatively barred by the *Heck* doctrine.

In the Report, the Magistrate Judge recommends denying Plaintiff's motion to add allegations against Defendant Blume because she is entitled to judicial immunity when performing her quasi-judicial duties. [ECF No. 20 p.25]. Plaintiff argues that the Magistrate Judge erred in finding that Defendant Blume is entitled to judicial immunity. [ECF No. 30]. As discussed in section I, *supra*, Plaintiff's claims against defendant Blume are barred by judicial immunity because they all relate to her duties as Clerk of Court for the United States District Court. After a *de novo* review, the Court adopts the Report as it relates to allegations against Defendant Blume. Accordingly, Plaintiff's motion to amend, ECF No. 11, is DENIED with prejudice.

## CONCLUSION

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the Court adopts the Report as modified, and incorporates the Report by reference herein. The Court hereby DISMISSES this action with prejudice and without issuance and service of process pursuant to 28 U.S.C. § 1915A. The Court DENIES Plaintiff's motion for joinder, ECF No. 4, with prejudice. The Court DENIES Plaintiff's

motions to amend, ECF Nos. 8, 11, with prejudice. Further, this dismissal is counted as a "strike" pursuant to 28 U.S.C. section 1915(g).[2]

    IT IS SO ORDERED.

March 24, 2021　　　　　　　　　　　　　　　　　　/s/Sherri A. Lydon
Florence, South Carolina　　　　　　　　　　　　　Sherri A. Lydon
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[2] The Court finds nothing in Plaintiff's objections that could be construed as a specific objection to the Magistrate Judge's recommendation that this dismissal be counted as a strike pursuant to 28 U.S.C. § 1915(g). However, out of an abundance of caution, the Court reviewed this portion of the Report *de novo* and adopts it in full. This action is frivolous and fails to state a claim upon which relief can be granted.